ANN WOODS *vs.* NAUMKEAG STEAM COTTON COMPANY.

Essex. Nov. 9, 1882. — March 2, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

A landlord who lets tenements in a building to different tenants, with a right of way in common over a flight of stone steps, without a railing, leading from the street to the yard of the building, is not liable to a tenant injured by falling upon ice accumulated upon the steps, if it is not the landlord's duty to keep the steps clear of ice, although the steps are constructed of such material and in such a way as to occasion the accumulation of ice thereon, there being no change in the construction of the steps since the tenancy began.

TORT for personal injuries. Answer, a general denial. Trial in the Superior Court, before *Wilkinson*, J., who allowed a bill of exceptions, in substance as follows :

The defendant admitted that, on February 26, 1879, it was the owner of a certain tenement house in Salem. The plaintiff

introduced evidence tending to prove that said house was fitted for four families, and contained four tenements, one of which was, at the time of the plaintiff's injury, and since 1876 had been, occupied by the plaintiff with her husband and family, as tenants at will of the defendant; that there was a common entrance on one side of the house for all the tenants, this being the only entrance; that there was a yard adjoining the house, which was for the use of all the tenants, and which was from three to four feet higher than the level of the street; that the only means of passing to and from the yard and street, and of reaching the house, was by three steps leading down from the yard to the street; that the steps were of rough-split, unhewn granite, each of them being from ten inches to one foot in height and from eight to ten inches wide, and about three feet in width from side to side, and no railing had ever been placed on either side thereof.

The defendant admitted that the yard and steps were owned by it, and were for the use of all the tenants who might occupy its tenement house.

The plaintiff also introduced evidence tending to prove that none of the tenants had ever taken any care of said steps, and that there was no agreement between any of the tenants and the defendant as to the care, management or repair of the same; and there was no evidence that the defendant had ever exercised any such care, management or control, except so far as such care or control might be inferred from the evidence above stated, and never undertook to remove any snow or ice therefrom, or from any part of the premises, during the plaintiff's occupancy, from 1876 to the time of her injury.

The plaintiff also introduced evidence tending to prove that the steps, on the day of the injury, were filled and clogged up with snow and ice, accumulated thereon from natural causes, so that they were in a dangerous and unsafe condition, and had been in the same condition for seven or eight days prior thereto; that the structure of the steps remained unchanged from the time of the plaintiff's first occupancy of the tenement to the time she received her injury; that there was no change in their condition except that resulting from the accumulation of ice and snow; and that, at about eight o'clock in the morning of said

day, the plaintiff, in attempting to pass down the steps, slipped upon the ice and snow accumulated on the steps, and received the injury complained of; and there was evidence tending to prove that, at the time the plaintiff was injured, she was in the exercise of due care. A view of the premises was taken by the jury.

The plaintiff contended that the steps were of such material, and constructed in such manner, that they occasioned the accumulation of ice and snow thereon improperly, and so as to constitute an unsafe condition of the steps; and that such construction of the steps, and such accumulation of ice and snow allowed to remain thereon, and the defendant's omission to place a rail on either side of the steps, or to take other reasonable precautions to prevent one from falling, was such negligence as would render the defendant liable in this action.

At the close of the plaintiff's case, the defendant asked the judge to rule that there was no evidence to go to the jury, and that the action could not be maintained. The judge ruled as requested, and directed a verdict for the defendant; and the plaintiff alleged exceptions.

*F. L. Evans*, for the plaintiff.

*L. S. Tuckerman*, for the defendant.

FIELD, J. The plaintiff was a tenant at will, or the wife of a tenant at will, of the defendant, and she used the steps in passing from the tenement occupied by her to the street, not by the invitation of the defendant, but in the exercise of her right to use the passageway in common with others for the purpose of entering and leaving the premises let to her or to her husband. If she were the sole tenant of the house and the yard, including the steps, the defendant would not be liable in this case. A tenant who hires premises takes them as they are, and cannot complain that they were not constructed differently. *Dutton* v. *Gerrish*, 9 Cush. 89. *Royce* v. *Guggenheim*, 106 Mass. 201, 202.

There may be cases in which the landlord is liable to the tenant for injuries received from secret defects, which are known to the landlord and are concealed from the tenant, but this case discloses no such defects in the steps. *Minor* v. *Sharon*, 112 Mass. 477.

When different parts of a building are let to different tenants, with the right in the tenants of using in common the approaches and passageways, which are not let, but remain in the possession of the landlord, the landlord as owner and occupant is held liable to strangers who are rightfully using these passageways for all injuries received from defects in the construction, or from want of repair of the passageways. *Readman* v. *Conway*, 126 Mass. 374.

In *Looney* v. *McLean*, 129 Mass. 33, 35, the court say, that "where a portion of a building is let, and the tenant has rights of passageway over staircases and entries in common with the landlord and the other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control, and which he is bound to keep in repair ; as to such portion, he still retains the responsibilities of a general owner to all persons, including the tenants of his building." In that case, the injury was received "in consequence of the giving way of one of the steps of the staircase." The court also say, that " the jury, under the instructions given, have found that she was injured, without fault on her part, while using a defective stairway apparently intended to furnish access to the roof of a shed used in common by the other tenants for drying clothes ; " " and that there was nothing in their appearance which would indicate to a prudent person that they were unsafe." The case finds that " it was admitted that the defendant knew that the stairs were greatly decayed and unsafe." The defect there was that the steps had become unsafe by decay, and this defect was not apparent, was known to the defendant, and the plaintiff was not in fault. See *Ivay* v. *Hedges*, 9 Q. B. D. 80.

The case did not call for the determination of the question whether the liability of the landlord is in all respects the same to his tenants as to other persons for injuries received from defects in passageways which are used in common by the tenants, but over which the landlord retains control. It is the general rule that, when a person has a right of way over the land of another, the owner of the soil is not bound to keep the way in repair for the owner of the way, although the owner of the soil has no right to obstruct the way, or to dig pitfalls in it, and is

liable for any defects in the way which he has caused.   When the passageways are of artificial construction, as, for example, the halls and staircases of a house, and the owner lets part of the premises with the right in the tenants to use the passageways in common with others, it may be that there is an obligation on the owner to keep the ways in such a condition that they can be safely used by the tenants; but this obligation has never been extended so as to require a reconstruction of the ways on a different plan, if the ways as they existed when the premises were hired were not altogether convenient or safe by reason of some fault in the original plan which was apparent.

In the case at bar, there was no duty on the part of the defendant to the plaintiff to remove from the steps the ice and snow which naturally accumulated thereon.   That was the tenant's duty, if she desired to use the steps.   The ice and snow were the proximate cause of the injury.

The exceptions state that no railing had ever been placed on either side of the steps, that the jury viewed the premises, and that it was contended "that the steps were of such material, and constructed in such manner, that they occasioned the accumulation of ice and snow thereon improperly."   The steps were of rough-split, unhewn granite, and "the structure of the steps remained unchanged from the time of the plaintiff's first occupancy of the tenement to the time she received her injury." The defendant was under no obligation to change the original construction of the steps for the benefit of the tenant.

*Judgment on the verdict.*