(5 Misc. Rep. 1.)

### SANDERS v. SMITH.

(Supreme Court, Special Term, Broome County. August, 1893.)

LANDLORD AND TENANT — BREACH OF COVENANT TO REPAIR — LIABILITY.
   A landlord who has covenanted to repair is not liable to the tenant for personal injuries resulting from failure to make the repairs.

Action by Sanders against Smith for personal injuries, caused by the falling of a stair in a house leased by defendant to plaintiff, who sought to hold defendant liable on the ground that he had agreed to make all necessary repairs, and that he had neglected to repair the stairs after she had requested him to do so. The court directed a nonsuit at the circuit, and plaintiff now moves for a new trial on the minutes. Denied.

E. C. Van Kirk, (S. D. Halliday, of counsel,) for plaintiff.
M. N. Tompkins, for defendant.

SMITH, J. The complaint does not allege a cause of action as for a nuisance, nor does it allege any cause of action upon the promise to pay all damage caused by the falling of the stairway. Such a promise, made after the lease, would not, I think, support an action for want of consideration. The single question in this case is whether a landlord, who has covenanted to repair, is liable to a tenant for personal injuries resulting from the want of repair. In Tuttle v. Manufacturing Co., (Mass.) 13 N. E. Rep. 465, the supreme judicial court of Massachusetts held that:

"Where plaintiff hired a barn of defendant, and the latter agreed to repair the floor, but did not do so within a reasonable time, and the floor fell through and injured the plaintiff, an action of tort could not be maintained, there having been no warranty or misrepresentation on defendant's part as to the condition of the premises."

This case is, in my judgment, very parallel to the case at bar. At page 467, Horton, C. J., says:

"In the case at bar the utmost shown against the defendant is that there was unreasonable delay on its part in performing an executory contract. As

we have seen, it is not liable by reason of the relation of lessor and lessee, but its liability, if any, must rest solely upon a breach of this contract. We do not see how the cases would differ in principle if an action were brought against a third person, who had contracted to repair the stable floor, and had unreasonably delayed in performing his contract. We are not aware of any authority for maintaining such an action."

In Flynn v. Hatton, 43 How. Pr. 333, the court held:

"The mere agreement of a landlord to repair has reference only to the condition of the building or premises demised for the purpose of their profitable use, and the pecuniary benefit to be derived from their enjoyment, or loss from being deprived of their use, in such state of repair as the agreement intended. Such a simple agreement or contract in no way contemplates any destruction of life, or casualties to the person or property of any one, which might accidentally result from an omission to fulfill the agreement in every respect. * * * For the proposition that a landlord, under contract generally to keep the premises in repair, is for breach also further liable to his tenant, as in tort, for willful refusal or neglect to perform his obligation, no warrant is to be found in principle or authority."

In Walker v. Swayzee, 3 Abb. Pr. 138, Judge Brady says:

"It has been held in this court that the measure of damages in an action against a landlord for not repairing is the amount it would cost to make such repairs; and for the reason that the tenant cannot, by exposing himself, his family, or his goods to the injuries or damage which result from the landlord's negligence, present a meritorious claim, when he could remedy the evil by repairs for which he would be fully indemnified out of the rental."

In Arnold v. Clark, 45 N. Y. Super. Ct. 252, it is held:

"An agreement to repair in no way contemplates, as damages for a breach of the same, such as might result from destruction to life, or injuries to the person or property, that might result from the omission to repair as provided in the agreement. A landlord is not liable to his tenant as in tort for his refusal or neglect to repair the premises as provided in his agreement to repair."

In Kabus v. Frost, 50 N. Y. Super. Ct. 74, Sedgwick, C. J., says:

"If there had been such a contract, its breach would not justify the tenant in recovering damages that were not within the contemplation of the parties at the time, such as personal injuries from the falling of the ceiling that had not been repaired."

In Spellman v. Bannigan, 36 Hun, 174, the general term of the fourth department has considered this question:

"The plaintiff hired a house from the defendant for a year, the defendant agreeing to put and keep it in good repair. There were stairs leading from the first floor to the cellar. The plaintiff used this frequently from the time she took possession of the house, in May, until October, when, as she was coming up from the cellar, the stairs fell, and the plaintiff sustained injuries, to recover damages for which this action was brought. It was not shown that the defendant knew of any defect in the stairs, or that he had been requested to make any repairs to them. *Held*, that the action could not be maintained upon the ground of negligence or breach of covenant to repair."

At page 175, Justice Boardman says:

"Can he be made liable for plaintiff's injuries in an action for a breach of contract to put in repair? The case of Flynn v. Hatton, 43 How. Pr. 333, 348–351, is directly in point, holding that no such liability arises out of the contract to lease and to repair. The contract to put or keep in repair does not contemplate personal injuries which may follow a breach of the contract, and indirectly or remotely grow out of it. Sedg. Dam. (4th Ed.) 216. Such damages are accidental and remote."

In the case of Peil v. Reinhart, 127 N. Y. 381, 27 N. E. Rep. 1077, an action was sustained against the landlord of a tenement house for negligence in failing to keep in repair a common passageway. At page 385, 127 N. Y., and page 1078, 27 N. E. Rep., Judge Bradley says:

"The question presented would have been quite different if the staircase had been part of the premises demised to the plaintiff. Then the evidence may not have warranted a recovery by her, and many of the cases cited by the defendant's counsel would have been applicable. But the stairway was not under the control of any of the tenants. It was provided by the defendant for the common use of those having occasion to pass to and from the rooms which they occupied as his tenants."

In Gear, Landl. & Ten., it is said:

"The covenant to repair does not include any liability for personal injury or death resulting from nonrepair."

These cases would seem to be decisive of the question here to be decided. "The obligation of a landlord to repair demised premises rests solely upon express contract." Witty v. Matthews, 52 N. Y. 512. There is no duty then arising from the relation of landlord and tenant. The only duty which can be found is the duty to perform the contract made. The breach of that duty makes a contract debt. It does not constitute negligence, and make the defendant liable in tort for plaintiff's damages.

In Edwards v. Railroad Co., 98 N. Y. 248, Judge Earl says:

"If a landlord lets premises, and agrees to keep them in repair, and he fails to do so, in consequence of which any one lawfully upon the premises suffers injury, he is responsible for his own negligence to the party injured."

The remark was purely obiter, and was not at all necessary to the decision of that case.

The case of White v. Sprague, 9 N. Y. St. Rep. 220, is the case which looks most strongly to the plaintiff's contention. That case was decided upon the dictum in the Edwards Case, 98 N. Y. 248, without considering the cases which have been cited above. In McAdam, Landl. & Ten., the rule is laid down that a landlord, upon covenanting to repair, is not liable for personal injuries resulting from his neglect to repair, and the case of White v. Sprague, 9 N. Y. St. Rep. 220, is cited as establishing a distinction in cases where the tenant remains in possession, relying upon a special promise of the landlord to repair. It is difficult to see how this fact can alter the rule of law. It has been held that a servant with knowledge of a defect in machinery may be relieved from the charge of contributory negligence if he relies upon a promise to repair, but that is simply to relieve him from the consequences of his failure to perform his duty to the master. The rule contended for here is a very different rule. It would give effect to a special promise to repair, as creating a duty apart from the contract obligation. The creation of that duty, too, would be dependent upon the reliance placed upon the special promise by the party to whom it was made. In other words, the reliance by a tenant upon the landlord's special promise to repair would serve not merely to relieve him from any

duty which the law might cast upon him, but would serve to cast upon the defendant a duty in addition to his contract duty, for a breach of which he would be liable in tort for damages. Legal duties and liabilities are not thus created. The case of White v. Sprague, 9 N. Y. St. Rep. 220, must rest just where Mr. Justice Daniels has put it, upon the dictum in the Edwards Case, to the effect that a landlord is liable for personal injuries resulting from a breach of a covenant to repair. As it is based upon a mere dictum, and as it is opposed, in my judgment, to sound reason, and, as I believe, the whole current of authority in this state and elsewhere, I am unwilling to be controlled by it in this decision. There are several cases which seem to hold, inferentially only, that such a covenant imposes a duty upon the landlord in addition to his contractibility. Thus it has been held that no liability exists "where there is no covenant to repair," also "where the defect has not been brought home to the landlord." The case of Johnson v. Dixon, 1 Daly, 178, seems to be overruled in Flynn v. Hatton, 43 How. Pr. 351. Such seems to be the holding in Arnold v. Clark, 45 N. Y. Super. Ct. 257. Jaffe v. Harteau, 56 N. Y. 398, simply holds that a landlord is not liable for a defective boiler upon his premises, of which he had no knowledge. The case of Franklin v. Brown, 1 N. Y. St. Rep. 701, is the statement of a general proposition, not called for by the case decided, to the effect that if the landlord is guilty of negligence, or other delictum, which leads directly to the accident or wrong complained of, he is liable for an injury. The general proposition is undoubtedly true. But in the case at bar there is no legal "wrong or other delictum." There is simply a breach of contract. But if it be held that the distinction claimed in McAdam on Landlord and Tenant is properly made, this case is clearly not one within its purview. Here there was no specific notice to the landlord of the defective stairway. He was only notified that the leakage would in time cause the defect. The promise to repair was indefinite; it was to repair when he could get to it; and that promise had been repeated at times for over a year. The plaintiff herself swears that when she complained to the defendant "the defendant made out that I was kind of faddy; that it was a fad of mine to want the stairs repaired. The floor was rotten before, and he thought I was whimsical over the stairs." It is apparent, therefore, that there was no such special promise as could in any event be deemed to impose a special duty upon the landlord, the violation of which would render him liable for these damages. I think, therefore, that plaintiff's only cause of action is upon contract for a breach of a contract to repair, and that for a breach of that contract the damages which she claims to have sustained are not the proximate result. If, however, there can be construed to be a duty separate and apart from the contract in this case, and a question for the jury upon the defendant's negligence, I am unable to see why the plaintiff's action would not be barred by her contributory negligence. She knew more of the condition of that stairway than did the defendant. To require the defendant to pay her for her injuries would be to re-

quire the defendant to take better care of the plaintiff than she should take of herself. I do not think that the promise to repair would save her even from the charge of contributory negligence. The promise was too indefinite., It was not to repair forthwith, but "when he got to it." The surrounding circumstances show that she was not justified in relying upon any expectation of speedy repair, or any such expectation as would relieve her from her legal duty to use reasonable care to protect herself. In accepting and remaining upon the premises, knowing the defect, she must be deemed to have accepted the risk. See Tuttle v. Manufacturing Co., (Mass.) 13 N. E. Rep. 465. Motion denied.