[No. 8534.   Department One.   July 25, 1910.]

HENRY M. OERTER, *Appellant*, v. LOUIS ZIEGLER, *Respondent*.[1]

LANDLORD AND TENANT—NEGLIGENCE—INJURY FROM ICE ON STEPS —DUTY OF LANDLORD. The owner of an office building, who had leased the basement to different tenants, approached by a flight of outside steps which were in reasonably safe condition, is not under obligation to protect them from the elements, and is not liable to a customer of one of the tenants who was injured by a fall caused by a thin coat of ice on the steps; since the landlord is liable in such case only for general repairs and not for temporary obstructions arising from natural causes such as the accumulation of ice and snow.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 8, 1908, upon granting a nonsuit at the close of plaintiff's case, dismissing an action for personal injuries sustained by falling down a stairway, after a trial before the court and a jury. Affirmed.

*Robertson, Miller & Rosenhaupt*, for appellant, contended, among other things, that the defendant's negligence in maintaining the steps was a question for the jury. 2 Remington's Dig., p. 2140, § 40, and cases cited; 37 Cent. Dig. Negligence, § 279; *Smith v. Tacoma*, 51 Wash. 101, 98 Pac. 91, 21 L. R. A. (N. S.) 1018; *Marwedel v. Cook*, 154 Mass. 235, 28 N. E. 140; *Brady v. Valentine*, 3 Misc. 20, 21 N. Y. Supp. 776; *Harrinson v. Jelly*, 175 Mass. 292, 56 N. E. 283; *Peil v. Reinhart*, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843; *Leydecker v. Brintnall*, 158 Mass. 292, 33 N. E. 399; *Cromarty v. Boston*, 127 Mass. 329, 34 Am. Rep. 381; *Roe v. Mayor etc. of New York*, 4 N. Y. Supp. 447. Allowing ice to accumulate on these steps, under the circumstances, was alone some proof of negligence. *McConnell v. Bostlemann*, 72 Hun 238; *Herrman v. Great Northern R. Co.*, 27

[1] Reported in 109 Pac. 1058.

Wash. 472, 68 Pac. 82, 57 L. R. A. 390; *Kirby v. Boylston Market Association*, 80 Mass. 249, 74 Am. Dec. 682; *Loois v. Eureka Club*, 37 App. Div. 628, 56 N. Y. Supp. 66. It was error to exclude expert evidence offered to show that the steps were originally constructed in an improper manner and were dangerous. *Smith v. Dow*, 43 Wash. 407, 86 Pac. 555; *Pelamourges v. Clark*, 9 Iowa 1; *Muldowney v. Illinois Cent. R. Co.*, 36 Iowa 462; *Emerson v. Lowell Gas Light Co.*, 88 Mass. 146, 83 Am. Dec. 621; *Smith v. Gugerty*, 4 Barb. 614; *McConnell v. Osage*, 80 Iowa 293, 45 N. W. 550, 8 L. R. A. 778; *Blank v. Livonia*, 79 Mich. 1, 44 N. W. 157; *Kuhn v. Delaware*, 92 Hun 74; *Indianapolis v. Scott*, 72 Ind. 196; *Morgan v. Fremont County*, 92 Iowa 644, 61 N. W. 231; Jones, Evidence (2d ed.), § 380, and cases cited. Experts may testify as to the customary and ordinary methods, and the rules adopted in the same kind of work, as bearing on the safety of construction. *Dossett v. St. Paul & Tacoma Lumber Co.*, 40 Wash. 276, 82 Pac. 273; *Houston etc. R. Co. v. Cowser*, 57 Tex. 293; *Aldrich v. Monroe*, 60 N. H. 118; *Kolsti v. Minneapolis etc. R. Co.*, 32 Minn. 133, 19 N. W. 655; *Coates v. Burlington etc. R. Co.*, 62 Iowa 486, 17 N. W. 760; *Jeffrey v. Keokuk etc. R. Co.*, 56 Iowa 546, 9 N. W. 884; *Cross v. Lake Shore etc. R. Co.*, 69 Mich. 363, 37 N. W. 361, 13 Am. St. 399; *Tinney v. New Jersey Steamboat Co.*, 12 Abb. Prac. (N. S.) 1; *Minnequa Springs Imp. Co. v. Coon*, 10 Wkly. Notes 502; *Armstrong v. Chicago, M. & St. P. R. Co.*, 45 Minn. 85, 47 N. W. 459. The opinion of persons familiar with the facts, as to the reasonably safe condition of the steps, was admissible, even if they were not experts. *Taylor v. Town of Monroe*, 43 Conn. 36; *McNerney v. Reading City*, 150 Pa. St. 611, 25 Atl. 57; *Baltimore & Y. T. Co. v. Crowther*, 63 Md. 558, 1 Atl. 279; *Missouri Pac. R. Co. v. Jarrard*, 65 Tex. 560; *Beatty v. Gilmore*, 16 Pa. St. 463; *Gulf etc. R. Co. v. Colbert* (Tex. Civ. App.), 31 S. W. 332; *Bridger v. Asheville etc. R. Co.*, 25 S. C. 24; *Ryan v. Bristol*, 63 Conn. 26, 27 Atl. 309; *Laughlin v.*

*Street R. Co. of Grand Rapids*, 62 Mich. 220, 28 N. W. 873; *Kitchen v. Union Tp.*, 171 Pa. 145, 33 Atl. 76. Proof of other accidents was improperly excluded. *Elster v. Seattle*, 18 Wash. 304, 51 Pac. 394; *Piper v. Spokane*, 22 Wash. 147, 60 Pac. 138; *Smith v. Seattle*, 33 Wash. 481, 74 Pac. 674; *District of Columbia v. Armes*, 107 U. S. 519; 20 Cent. Digest, Negligence, § 412; 37 Id. §§ 242, 247; Jones, Evidence (2d ed.), § 163, and cases cited. *Franklin v. Engel*, 34 Wash. 480, 76 Pac. 84; *Smith v. Tacoma, supra; Larkin v. O'Neill*, 48 Hun 591.

*Roche & Onstine*, for respondent.

Per Curiam.—This was an action to recover damages for personal injuries. At the close of the plaintiff's testimony, the court directed a judgment in favor of the defendant, from which this appeal is prosecuted.

The material facts disclosed by the appellant's testimony are the following: The respondent is the owner of a five-story brick building in the city of Spokane, known as the Ziegler block, the basement of which is occupied by different tenants. A stairway leads from the street or sidewalk to these different tenements. This stairway is seven feet in width and consists of ten concrete steps with a ten-inch tread and an eight-inch riser, with an iron railing extending the full length of the stair on either side. On the evening of January 30, 1908, the appellant descended this stairway, accompanied by a friend, for the purpose of entering a barber shop in the basement. The appellant had patronized this same shop several times a week for a period of five years, in all sorts and conditions of weather. As they descended the stair together, the appellant's companion slipped on the third or fourth step, and caused the appellant to fall, resulting in the injury complained of. The appellant contends that the steps were worn and defective, that they were covered with a thin coating of ice, and that the respondent negligently failed to protect them from the elements by an awning or otherwise.

When a tenant is given the exclusive possession of demised premises, as a general rule, the landlord is not liable for injuries to third persons, arising from defects in the premises, unless such defects existed at the commencement of the term, or unless the landlord is obligated by the terms of his lease to make repairs. *Ward v. Hinkleman,* 37 Wash. 375, 79 Pac. 956.

On the other hand, the weight of authority holds, that where different portions of a building are leased to different tenants, the landlord must use due diligence to keep the passageways, and such parts of the building as are used by the different tenants in common, in a reasonably safe condition, and is liable in damages for a failure so to do. 18 Am. & Eng. Ency. Law (2d ed.), p. 220. This obligation, however, only extends to general repairs, and does not impose on the landlord a liability for injuries resulting from temporary obstructions arising from natural causes, such as the accumulation of ice or snow. *Woods v. Naumkeag Steam Cotton Co.,* 134 Mass. 357, 45 Am. Rep. 344; *Purcell v. English,* 86 Ind. 34, 44 Am. Rep. 255; *Sawyer v. McGillicuddy,* 81 Me. 318, 17 Atl. 124, 10 Am. St. 260, 3 L. R. A. 458.

Applying these rules to the case at bar, we find no error in the ruling of the court below. While the steps were somewhat worn, their general condition was reasonably safe, and the owner of the building was under no obligation to protect them from the elements by awning or otherwise. The ice on the steps was the natural and proximate cause of the injury, and for its presence the landlord was not responsible. *Woods v. Naumkeag Steam Cotton Co., supra.* The obligation to remove the ice rested upon the tenants, and for their failure or neglect the landlord is not answerable in damages.

The judgment is therefore affirmed.