### JOSEPH BELL *vs.* ISRAEL SIEGEL.

Suffolk.    March 23, 1922. — July 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Landlord and Tenant,* Liability in tort to tenant.   *Snow and Ice.   Negligence,* Snow and ice, Gross.   *Evidence,* Of gross negligence.

In an action by a tenant against the owner of a two story dwelling house, the upper floor of which was occupied by the plaintiff as a tenant at will and the lower floor by the defendant, for personal injuries caused by slipping on a natural accumulation of snow and ice upon the front steps of the house, which were used in common by the plaintiff and by the defendant, it appeared that the defendant had gratuitously promised the plaintiff to clear and take care of the steps and had so taken care of them for a few times before the accident but not immediately before it and that there was no contractual obligation upon the defendant to keep the premises safe for use.   It did not appear that the condition of the ice was caused by any negligence or wrongful act of the defendant.   *Held,* that

(1) The relation of landlord and tenant imposed on the defendant no duty to remove from the steps ice naturally accumulating thereon;

(2) The defendant was not liable unless his failure to remedy the dangerous condition was evidence of gross negligence;

(3) The existing condition not being a hidden defect nor the result of a positive act and at most being the consequence of inaction, in the circumstances the failure to remove the ice and snow, although it had been upon the steps some days, did not constitute gross negligence.

TORT for personal injuries alleged to have been sustained on January 9, 1919, by the plaintiff as the result of a fall upon snow and ice on the front steps of a house numbered 178 Callendar Street in Boston, owned by the defendant and occupied in part by the plaintiff as a tenant at will.   Writ dated January 21, 1919.

In the Superior Court the action was tried before *King,* J. Material evidence is described in the opinion.   At the close of the evidence the judge ordered a verdict for the defendant and reported the action to this court for determination upon the agreement of the parties that, if he was right in so ordering a verdict, judgment should be entered on the verdict; otherwise, judgment should be entered for the plaintiff for damages in the sum of $400 with interest from December 6, 1920.

*F. L. Norton,* for the plaintiff.

*L. R. Eyges, (C. J. Canavan* with him,) for the defendant.

JENNEY, J. The plaintiff contends that he is entitled to recover for an injury sustained by him on January 9, 1919, as the result of a fall upon snow and ice upon the front steps of a two-story house, a part of which he occupied as a tenant at will of the defendant. No question of notice of the accident is involved. The tenancy began in June, 1918.

The plaintiff and his family lived upstairs and the defendant resided on the ground floor. There were two front doors, both opening upon a piazza from which four or five steps led to the street. The piazza and steps were used in common.

The other facts were for the most part in controversy, but, considering the evidence in the aspect most favorable to the plaintiff, they could have been found to be as follows: A few days before the accident the plaintiff talked with the defendant about ice and, referring to the steps said, "It is very dangerous, somebody will be hurt;" and the latter replied, "I will try to clean . . . [the steps] up." The ice then extended from top to bottom of the steps and looked very slippery. The defendant had removed the ice some few times prior to the accident both before and after this conversation, but not immediately before the plaintiff received his injury. The ice was rough and uneven looking as if it had been walked upon. Another witness testified that the defendant, when told that he should clean off the ice, said, "I will take care of it."

The judge directed a verdict for the defendant and the case is here upon his report. No question of pleadings has been considered. It is not urged that the evidence did not warrant a finding that the plaintiff failed to exercise due care; and it is assumed that the ice and snow rendered the steps dangerous for use and that the defendant knew of their condition.

The relation of landlord and tenant imposed on the defendant no duty to remove from the steps ice naturally accumulating thereon. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357.

There was no evidence that the contract of letting bound the defendant to keep the premises safe for use or that any such contractual relation was thereafter created. *Miles* v. *Janvrin,* 196 Mass. 431; *S. C.* 200 Mass. 514.

If a danger existed and continued, it was because of mere inaction. It did not appear that the condition of the ice was caused

by any negligence or wrongful act of the defendant. The landlord did not do work gratuitously undertaken in a negligent manner. The danger was not caused by any misrepresentation on his part. There was no liability unless the defendant's failure to keep a gratuitous promise to clean and take care of the steps, and unless his removal of the ice from the steps some few times before the accident and before and after the conversations referred to, created a duty to remove the snow and ice upon which the plaintiff fell. See *Nash* v. *Webber,* 204 Mass. 419; *O'Donoughue* v. *Moors,* 208 Mass. 473; *Callahan* v. *Dickson,* 210 Mass. 510; *Erickson* v. *Buckley,* 230 Mass. 467. Compare *McKeon* v. *Cutter,* 156 Mass. 296; *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472; *Kearines* v. *Cullen,* 183 Mass. 298; *Phelan* v. *Fitzpatrick,* 188 Mass. 237.

If it be assumed the evidence was sufficient to justify a finding that the defendant had undertaken the duty described, nevertheless there was nothing to that effect within the contract of hiring either as a part of its original terms or by modification thereof, and hence the obligation was gratuitous, and the defendant was not liable unless his failure to remedy the dangerous condition was evidence of gross negligence. *Massaletti* v. *Fitzroy,* 228 Mass. 487, 509. *Bergeron* v. *Forest,* 233 Mass. 392.

The existing condition was not a hidden defect; neither was it the result of a positive act; at the most it was in consequence of inaction. In the circumstances, the failure to remove the snow and ice, although they had been upon the steps some days, did not constitute gross negligence.

It follows that the verdict for the defendant was properly directed and that in accordance with the terms of the report judgment should be entered thereon.

*So ordered.*