EDWARD A. BOULTON vs. RAYFORD E. DORRINGTON, administrator.

Middlesex.    October 7, 1937. — February 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Landlord and Tenant*, Snow and ice, Common porch, Landlord's liability to tenant or his family or invitee. *Snow and Ice. Negligence*, One owning or controlling real estate.

In the absence of a special undertaking, the landlord of an apartment house owed no duty to a tenant to cover a porch, used in common and under the landlord's control and uncovered at the time of the letting, or to remove snow and ice naturally accumulating thereon.

TORT. Writ in the Superior Court dated August 30, 1934.

A verdict for the defendant was ordered by *Donahue, J.* The plaintiff alleged exceptions.

*P. J. Duane*, for the plaintiff.

*A. E. Whittemore*, for the defendant.

DONAHUE, J. The plaintiff, a tenant, fell on an open platform or porch outside the front door of a four apartment house by reason of its icy condition. The platform was used by him in common with other tenants. It is assumed for the purposes of this decision that the defendant's intestate was the owner of the house and that the platform and steps connected therewith were in her control.

On the day of the plaintiff's fall it was snowing, sleeting and raining, there was sleet on streets and sidewalks generally, and ice on the walk leading to the street and on the steps. The plaintiff described the ice on the steps as "transparent as glass." There is nothing in the record to indicate that the presence of the ice on the platform where the plaintiff fell was not due solely to prevailing weather conditions. *O'Donoughue* v. *Moors*, 208 Mass. 473.

The relation of landlord and tenant imposes no obligation on the landlord to remove snow or ice naturally accumulat-

ing on areas provided for the common use of tenants, or to provide a cover for portions of such areas as were uncovered at the time of the letting. *Rogers* v. *Dudley Realty Corp.* 301 Mass. 104, 106, and cases cited. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357, 361.

There was no evidence to warrant a finding that the ice on the platform which caused the plaintiff's fall was there by reason of any defect in the premises, or a finding that by express or implied contract the defendant's intestate assumed the obligation to keep the platform free of ice. *Smolesky* v. *Kotler*, 270 Mass. 32. According to the testimony of the plaintiff the only special obligation which the defendant's intestate, at the time of the letting, assumed as to future conditions on the premises or as to repairs, was to remedy such conditions and to make such repairs on notice from the plaintiff. No such notice was given as to the condition of the platform or steps. It does not appear that the defendant's intestate ever did clear snow or ice from the steps and there is no evidence of conduct on her part affording a basis for the finding of an implied contract to do so. Compare *Erickson* v. *Buckley*, 230 Mass. 467; *Nash* v. *Webber*, 204 Mass. 419.

As there was no obligation on the defendant's intestate to remove from the platform the ice which caused the plaintiff's fall, it is unnecessary to consider other defences on which the defendant relies, or the exclusion of certain evidence relating to the statutory notice of injury. A verdict was properly directed for the defendant.

*Exceptions overruled.*