[No. 31449.   Department One.   December 14, 1950.]

ROGER SCHEDLER et al., *Respondents*, v. BURT J. WAGNER et al., *Appellants*.[1]

[1]Reported in 225 P. (2d) 213; 230 P. (2d) 600.

*Edge, Davenport & Edge, John Dean,* and *Grant L. Kimer,* for appellants.

*Joseph Nappi* and *Lloyd A. Eyrich,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment entered upon a verdict of a jury, in favor of respondents, for damages as the result of injuries sustained by respondent Betty Jean Schedler when she slipped and fell on an icy sidewalk.

The Wagners are owners of a four-apartment building located on the corner of East Mission and Lidgerwood in Spokane. There are two apartments downstairs and two upstairs. The building faces north on Mission. At the front is a door, porch, steps, and sidewalk leading to the street, all used in common by the tenants. At the time in question the Schedlers were leasing, by an oral month to month lease, the lower east apartment. At the rear of their apartment was a door, porch, steps, and walk leading to Lidgerwood street. At the foot of the steps was a short walk (of flat slabs of concrete) which went to the right and obliquely to the rear, where it connected with a driveway to the garage.

These facilities were used exclusively by the Schedlers and were not used in common with the other tenants.

Late in the afternoon of January 6, 1949, Betty Schedler returned home from her work at the North Division Branch of the Old National Bank. Before removing her coat and galoshes she took out the garbage. She went out of the door, onto the porch, down the steps, onto the walk leading to Lidgerwood, then obliquely to the right rear until she got to the driveway; then along the driveway to the garbage can, which was located at the side of the garage. She returned by the same route. Just as she turned from the oblique walk to go onto the porch she slipped on the ice and fell, striking her nose on the lower step. She testified that the steps and walk were "very, very icy."

The testimony showed that Mr. Wagner cleaned the snow off of all the steps and walks around the house, including these steps and walks used exclusively by the Schedlers. Wagner testified that he did this from the beginning of the winter until the last snowfall; that he cleaned them after each snow whenever they needed cleaning; that he never saw anyone else clean them; that it would thaw and freeze, and that he looked after it to the best of his ability. Mrs. Schedler testified that all that winter neither she nor her husband cleaned the snow or ice from the steps or walks or any part adjacent to the house; that it was a regular pattern for the Wagners to do this work after each snowfall.

At the trial, the court instructed the jury that, ordinarily, a landlord is under no obligation to his tenants to remove or otherwise dispose of snow and ice which naturally accumulates upon leased premises; that where, however, a landlord has assumed the duty to remove snow and ice, he is then under a duty to remove such snow and ice if an accumulation of this nature renders the premises unsafe. He placed the responsibility upon the plaintiffs to prove by a preponderance of the evidence the assumption of such duty by the landlords, their failure to use ordinary care in such performance, and that as a proximate result of such failure Mrs. Schedler was injured to her damage. The jury

found for the plaintiffs and judgment was entered accordingly. This appeal follows.

The assignments of error are: (1) the court erred in submitting the case to the jury; (2) the court erred in refusing to grant defendants' motion for judgment n.o.v.; (3) the court erred in giving an instruction with reference to the landlord's assuming the duty of cleaning the sidewalks.

Whenever the owner of a house demises a portion of it to which access is had by way of halls, stairways, porches, walks, or other approaches to be used in common with the owner or tenants of other portions of the same premises, the owner, by such transaction, retains as to the tenant the possession and control of the undemised facilities and it is his duty to keep them, or to use reasonable care to keep them, in safe condition for the use of the tenant in the enjoyment of his own possession. *Oerter v. Ziegler*, 59 Wash. 421, 109 Pac. 1058. *Roman v. King*, 289 Mo. 641, 233 S. W. 161, 25 A. L. R. 1263. Under the majority rule the tenant is a licensee of such undemised facilities. 32 Am. Jur. 561, Landlord and Tenant, § 688.

Ordinarily, the landlord of premises leased to different tenants, who use in common the approaches thereto, is not liable for accumulations of snow and ice due to natural causes, and hence is not liable for injuries to persons using these portions of the premises, due to accumulations of this character. *Oerter v. Ziegler, supra*; *Woods v. Naumkeag Steam Cotton Co.*, 134 Mass. 357, 45 Am. Rep. 344.

Where, however, the landlord has obligated himself to remove the snow and ice from facilities used in common, or has assumed this duty, he must remove the snow and ice if an accumulation of this nature renders the premises unsafe, and for his negligent failure so to do he will be liable to a person thereby injured while making a proper use of this portion of the leased premises, the injured person being a tenant. Annotation, 25 A. L. R. 1302; *Massor v. Yates*, 137 Ore. 569, 3 P. (2d) 784.

When premises are leased, a stairway, porch, or walk necessary to be used with the premises, and which it

is intended shall be for the exclusive use of the tenant, passes as an appurtenant to the leased premises, unless, *at the time of entering into the lease*, the landlord expressly or impliedly reserves control over such facilities. *Andrews v. McCutcheon*, 17 Wn. (2d) 340, 135 P. (2d) 459.

It will thus be seen that the reason the landlord has the duty to keep the facilities used in common with other tenants in safe condition for the use of the tenants is that, as to such facilities, they are not a part of the estate demised to the various tenants. They are a part of the estate reserved by the landlord for the use and benefit of all the tenants. As to such facilities, the landlord is not liable for accumulations of snow and ice due to natural causes. However, when the landlord assumes the duty of cleaning such facilities of snow and ice, he thereby removes the cloak which exempts him from so doing where the accumulation is due to natural causes, and then becomes liable to the tenants for his negligence in so doing. The cloak of exemption having been removed, he is liable because, in the original lease, he did not devise these particular facilities to the various tenants, but reserved that part of the estate to himself. It is because of the relationship of landlord and tenant and because of the duties imposed upon him by law as a result of such relationship that he is liable.

As to facilities which are to be for the exclusive use of the tenants and thereby pass as an appurtenant to the leased premises, when the landlord assumes to clear such facilities of snow and ice accumulated due to natural causes, he does so gratuitously as a volunteer. By so doing, he does not remove a cloak which would exempt him from liability to the tenant for his negligence. He has not reserved that part of the estate to himself. There is no duty which could attach or revert to him because of the relationship of landlord and tenant. A mere volunteer incurs no obligation because of a gratuitous performance, unless his failure to remedy a dangerous condition is the result of gross negligence. *Bell v. Siegel*, 242 Mass. 380, 136 N. E. 109, 25 A. L. R. 1261.

■ Here, the appellants leased the apartment in question to respondents. Appurtenant thereto, and for the exclusive use of respondents, were the porch, stairs, and walks upon which respondent wife slipped and fell. None of these facilities were reserved by appellants as a part of their estate. When appellant husband undertook to clean these exclusively demised premises of snow and ice he was under no legal duty to do so. He did so gratuitously as a volunteer. The trial court erred in denying appellants' motion for judgment n. o. v. We do not find it necessary to discuss the other assignments of error.

The judgment is reversed.

HILL, GRADY, and DONWORTH, JJ., concur.

BEALS, J., concurs in the result.

## ON REHEARING.
### [*En Banc.* April 30, 1951.]

PER CURIAM.—Upon a rehearing, a majority of the court adheres to the principles of law as announced in the Departmental opinion.

■ However, a further examination of the record convinces us that there is a serious question of fact as to whether or not the walk upon which respondent wife slipped and fell was a private passageway leased exclusively to respondents, or whether it was used in common by all of the tenants.

■ This particular issue of fact was not presented to the jury. No exception was taken by appellants for failure to present such issue of fact, and the instructions given by the court therefore became the law of the case.

No motion for a new trial was made, and that issue is not before us. The judgment of the trial court will therefore be affirmed.

BEALS, J. (concurring in the result)—Because of the peculiar facts presented in the case at bar, while not dissenting from the conclusion reached by the majority, I cannot refrain from stating that, in my opinion, a landlord who has, on occasion, removed snow or ice (or has sanded or

salted the ice) from a walk used in common by his tenants, has not, by so doing, assumed the burden of keeping the walks free from snow and ice in the future, under penalty of becoming responsible in damages to any tenant who is injured by a fall on such a walk, occasioned by the existence of snow or ice accumulated thereon.

I am not in accord with certain authorities cited in respondents' briefs, on file herein, in which it has been held that a landlord may become liable to his tenant, who has been injured by a fall on a slippery sidewalk used in common by the tenants, simply because the landlord, for the convenience of his tenants, has previously removed snow and ice therefrom.

Of course, each case, as presented, must depend upon its own facts. I simply state my nonconcurrence with some authorities which, in my opinion, have imposed too strict a liability upon a landlord by holding him responsible for a fall suffered by his tenant, occasioned by slippery walks.

ROBINSON and GRADY, JJ., concur with BEALS, J.

MALLERY, J. (dissenting)—I dissent. No negligence was shown.

———

June 22, 1951.  Petition for rehearing denied.