[No. 91-40055-1.    Division One.    May 11, 1970.]
Panel 1

MARTIN L. SUNDE, *Appellant,* v. JOHN W. TOLLETT *et al.,* *Respondents.*

*Walsh & Margolis* and *Harry Margolis,* for appellant.

*Leo Anderson* and *William R. Lanthorn,* for respondents.

SWANSON, J.—Plaintiff Martin L. Sunde appeals from a judgment n.o.v. dismissing his claim against the defendants

Tollett, owners and operators of the Bella-B Mobile Home Park in Seattle. A resident of the park, James Bates, called plaintiff's employer, Watson-Hall Fuel Oil Co., to have his fuel tank filled. Plaintiff responded to the call and proceeded to fill the tank. When a full load of oil was delivered, the supporting stand collapsed, and the tank fell to the ground injuring plaintiff.

In the action for damages the jury returned a verdict for plaintiff. The court set the verdict aside and dismissed the action, primarily on the ground that the plaintiff was contributorially negligent as a matter of law. The court also thought that the evidence in the case in chief was insufficient. Plaintiff assigns error to the entry of the judgment n.o.v., and to certain instructions given and refused.

Plaintiff's argument on appeal rests on the theory that he was defendants' business invitee to whom was owed a duty of reasonable care. The trial court's acceptance of this theory is shown by the memorandum opinion:

> Although it is a close question, I am still of the opinion that under the unusual circumstances surrounding this operation the operator of the premises would owe a duty to prevent any [lessee] from erecting a dangerous structure, if such danger would be plainly apparent to all ordinary persons.

The defendants contend here, as they did below, that the case is controlled by the law apportioning liability between landlord and tenant. The outcome of this case is determined by which theory we accept. See *Schedler v. Wagner*, 37 Wn.2d 612, 225 P.2d 213; 230 P.2d 600, 26 A.L.R.2d 604 (1950); Comment, *Liability of Landlord and Tenant to Persons Injured on the Premises*, 39 Wash. L. Rev. 345, 361 (1964).

In reviewing a judgment n.o.v., we determine if the evidence will support the verdict.

> A motion for judgment notwithstanding the verdict involves no element of discretion. It will not be granted unless the trial court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain a verdict.

*Sepich v. Department of Labor & Indus.*, 75 Wn.2d 312, 321, 450 P.2d 940 (1969); *Martin v. Insurance Co. of North America*, 1 Wn. App. 218, 460 P.2d 682 (1969).

The evidence in this case shows that on August 5, 1961, the defendants entered into a rental agreement with Mr. and Mrs. Bates. This rental agreement gave the Bates the exclusive right to possession of that lot on which their mobile home was placed. This created a landlord-tenant relationship between the defendants and Bates. The oil tank and stand was on the lot assigned to the Bates' mobile home. The rental agreement provided that the tenants maintain their lot in a "clean and orderly fashion" and that they "care for the lawn and shrubbery thereon." The defendants, through their manager, made periodic inspections to see that this rule was obeyed. The manager also inspected the lots for oil leaks and other hazardous conditions.

█ When the right to exclusive control of the premises has passed, even though the use is restricted by limitations or reservations, the landlord-tenant relationship is created. *Regan v. Seattle*, 76 Wn.2d 501, 458 P.2d 12 (1969). When a landlord-tenant relationship is present, the landlord's tort liability is no longer governed by the theories applied to an occupier of land. The landlord's liability for personal injuries occurring on the retained portion of the premises is based on his status as a landlord. *Schedler v. Wagner, supra.*

█ As to those areas occupied by the tenant, the landlord is liable to third persons only if he would be liable to the tenant for the same injury. *Mesher v. Osborne*, 75 Wash. 439, 134 P. 1092 (1913). *See Rossiter v. Moore*, 59 Wn.2d 722, 370 P.2d 250 (1962). The tenant here supplied the stand and the tank which it supported. The record reveals no evidence that the tenant in any way relinquished control over this portion of the premises. Neither did the defendants dictate the type of oil tank or stand which could be used, nor issue any orders regarding it.

Would the defendants be liable to the tenant if he were

injured by oil drum or stand? To ask the question is to refute it. Tort liability in negligence cases is predicated upon a duty owed to a particular plaintiff. W. Prosser, Torts §§ 30, 53 (3d ed. 1964); Restatement (Second) of Torts § 4 (1965). There was no question of fact for the jury. The defendants owed no duty to their tenant to protect him from an injury caused by his own appliance. Neither did they owe such a duty to plaintiff.

A correct decision will be affirmed on any ground within the proof. *Northwest Collectors, Inc., v. Enders,* 74 Wn.2d 585, 446 P.2d 200 (1968). Because of our determination, we do not reach the other assignments of error.

The judgment is affirmed.

JAMES, C. J., and FARRIS, J., concur.