[No. 512-3. Division Three. June 16, 1972.]

CLYDE SAMPLE, *Appellant*, v. J. JAY CHAPMAN *et al.*, *Respondents*.

*David E. Williams* (of *Critchlow, Williams, Ryals & Schuster*), for appellant.

*John A. Westland* (of *Loney, Westland & Raekes*), for respondents.

GREEN, J.—One issue is presented by this appeal:

Did the trial court err in granting a summary judgment of dismissal against the plaintiff, Clyde Sample, a tenant's invitee, in favor of a lessor upon the ground that such invitee was collaterally estopped by the result of his earlier action against a tenant?

Robert LaHatt operated a jewelry store in the Nelson Building in Prosser. This building was constructed in 1950 and contained offices and stores. Several doorways in the

building, including the entrance to the jewelry store, contained a metal door closer which protruded into an upper corner of the doorway. In 1962, the owner of the building, H. N. Nelson, sold the building on contract to the defendants, J. Jay Chapman and wife, subject to the building leases.

On July 3, 1968, the plaintiff, who was 6 feet 4 inches tall and had been in and out of the jewelry store about 100 times over the course of several years, struck his head on the protruding metal door closer as he was leaving the premises, sustaining personal injury.

As a consequence, plaintiff brought an action against LaHatt alleging that he was injured by reason of the "negligence of defendants in maintaining and operating said store." LaHatt denied these allegations and filed a third-party complaint against the instant defendant Chapman as owner of the building, seeking indemnity for any judgment that might be rendered against LaHatt. Plaintiff did not seek affirmative relief against Chapman. Upon trial and at the conclusion of all the evidence, LaHatt's third-party complaint against his lessor was dismissed. The case was then submitted to the jury with the following pertinent instructions:

### Instruction No. 7

(1) The plaintiff, Clyde Sample, claims that the defendants LaHatt were negligent in one or more of the following respects:

    a. In maintaining a dangerous obstruction in the doorway to their jewelry store;

    b. In failing to warn plaintiff of the danger.

The plaintiff claims that one or more of these acts or omissions was a proximate cause of injuries and damages to the plaintiff. The defendants LaHatt deny these claims.

(2) In addition, the defendants LaHatt claim as an affirmative defense that the Plaintiff was contributorily negligent in that he failed to exercise reasonable care for his own protection and failed to see and avoid any obstruction in such doorway upon his use thereof. The Plaintiff denies this claim.

Instruction No. 14

The operator of a jewelry store owes to a person who has an express or implied invitation to come upon the premises in connection with that business, such as the Plaintiff, a duty to exercise ordinary care for his safety.

This includes the duty owed to an invitee to exercise reasonable care to maintain the premises in a reasonably safe condition, or to warn the invitee of any danger which is known or discoverable by a reasonable inspection on the part of the occupier and not known or not discoverable by the invitee using reasonable care for his own protection.

The jury returned a verdict for LaHatt. The judgment entered pursuant to that verdict was not appealed.

■ In June 1970, plaintiff brought a new action against the defendant Chapman, alleging that plaintiff's injuries were "due to negligence of defendants as the owners of such building in maintaining a defective, dangerous and extrahazardous doorway for use by the general public." The defendant Chapman filed a motion for summary judgment, attaching to such motion various portions of the record from the prior proceeding of Sample v. LaHatt, Benton County cause No. 24185. The trial court held the doctrine of collateral estoppel applied and granted summary judgment in favor of the defendant. In so doing, the trial court followed *Lucas v. Velikanje,* 2 Wn. App. 888, 894, 471 P.2d 103 (1970), wherein we said:

Before the doctrine of collateral estoppel can be applied, affirmative answers must be given to the following questions: (1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) Was there a final judgment on the merits? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied? *Bernhard v. Bank of America Nat'l Trust & Sav. Ass'n, supra* [19 Cal. 2d 807, 122 P.2d 892 (1942)]; *Henderson v. Bardahl Int'l Corp., supra* [72 Wn.2d 109, 431 P.2d 961 (1967)].

■ It is the general rule that in the absence of an agreement to repair by the lessor, a lessee takes the property subject to all apparent defects and a lessor is not liable for injuries caused by apparent defects after exclusive control has passed to the tenant. Further, it has been held that a lessor owes no greater duty to invitees of his tenant than he does to his tenant. However, an exception to these general rules exists when a lessor, with actual or constructive knowledge of a defect in his premises, leases the premises for a purpose involving the admission of the public. In that event, he may be subject to liability for injuries to members of the public caused by the defect. *Regan v. Seattle*, 76 Wn.2d 501, 458 P.2d 12 (1969). In such a situation, liability of the lessor is grounded in the rules of negligence. As Dean Prosser said:

> · There is then quite general agreement that the lessor is under an affirmative duty to exercise *reasonable care* to inspect and repair the premises before possession is transferred, to prevent any *unreasonable risk* of harm to the public who may enter.

(Italics ours.) W. Prosser, Torts § 63 (3d ed. 1964). See also Restatement (Second) of Torts § 359 (1965); 17 A.L.R.3d 873 (1968).

The plaintiff in the instant action seeks to come within the *Regan* exception (an issue we do not decide) and impose liability upon the lessor-owner for negligently maintaining a dangerous obstruction in the doorway to LaHatt's jewelry store. Plaintiff contends the earlier action against LaHatt only determined that a reasonably prudent *tenant* was not negligent in maintaining the doorway; whereas, the issue in the instant case is whether a reasonably prudent *owner* was negligent in maintaining such a doorway. We find no substance to this distinction. The standard of care required by the tenant, as stated in instructions Nos. 7 and 14 in plaintiff's action against LaHatt, is in substance, identical to the standard of care required by the lessor in the instant case, assuming *Regan* applies. W. Prosser, Torts § 63 (3d ed. 1964); Restatement (Second) of Torts § 359

(1965); 17 A.L.R.3d 873 (1968). The same issue is involved in both cases, namely, whether there was negligent maintenance of the doorway. This issue was settled in plaintiff's action against LaHatt. The mere substitution of the owner of the building does not entitle the plaintiff to try that issue again. Under plaintiff's theory, if he were permitted to try this action against the defendant and was unsuccessful, he could then bring another action against the architect who designed the building, charging negligence in the design of the doorway, or perhaps bring another action against the contractor for negligence in placing the door closer in a protruding position. The doctrine of collateral estoppel was developed to prevent this type of multiplicity of actions. *See Lucas v. Velikanje, supra; Henderson v. Bardahl Int'l Corp.,* 72 Wn.2d 109, 431 P.2d 961 (1967); *Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 429 P.2d 207 (1967); *Luisi Truck Lines, Inc. v. Washington Util. & Transp. Comm'n,* 72 Wn.2d 887, 435 P.2d 654 (1967).

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

Petition for rehearing denied July 31, 1972.

Review denied by Supreme Court September 20, 1972.