[No. 20906-7-III.   Division Three.   February 11, 2003.]

SUSAN LIAN, *Respondent*, v. JOHN J. STALICK III, ET AL., *Appellants*.

*Christopher A. Bugbee*, for appellants.

*Lloyd A. Herman* and *Christopher J. Herman* (of *Lloyd A. Herman & Associates*), for respondent.

KURTZ, J. — Susan Lian, now Susan White, sued her landlord (collectively Mr. Stalick) for injuries after she fell on the decrepit steps leading to her apartment. The trial court awarded Ms. White damages for breach of habitability under the Residential Landlord-Tenant Act of 1973 (RLTA), chapter 59.18 RCW. Mr. Stalick appealed. In *Lian v. Stalick*, 106 Wn. App. 811, 818, 25 P.3d 467 (2001) (*Lian I*), this court determined that the RLTA could not support an award of personal injury damages, but that the *Restatement (Second) of Property: Landlord and Tenant* § 17.6 (1977) provided a remedy a tenant might pursue for injuries caused by a landlord's failure to repair a dangerous condition found to constitute a breach of habitability under the RLTA. This court then reversed and remanded for clarification as to the liability theory, or theories, supporting the trial court's award of damages. On remand, the trial court determined that Mr. Stalick was liable under the *Restatement (Second) of Property* § 17.6, that he had breached the implied warranty of habitability under the RLTA, and that he had breached various common law duties owed to Ms. White. In this second appeal, Mr. Stalick contends the trial court erred by ruling that (1) he was liable under section 17.6, and that (2) he had breached the implied warranty of habitability under the RLTA. We affirm the trial court's holding that Mr. Stalick was liable under section 17.6.

## FACTS

Jean Stalick (deceased) owned the Benson Motel Apartments that were managed by her son, John Stalick III.

Susan White rented one of the units. In July 1996, Ms. White fell while walking down the stairs leading to her unit. These stairs were the sole means of access to Ms. White's apartment. Ms. White filed this negligence action against Mr. Stalick and the Estate of Jean Stalick (collectively Mr. Stalick).

At trial, Ms. White testified that this was her second fall on the stairs and that prior to her second fall she had informed Mr. Stalick of the condition of the stairs and discussed the stairs with both Mr. Stalick and his mother. Ernest L. Corp, a forensic engineer, testified that the stairway violated the existing building code in five ways. He also stated that: (1) the treads were rotted, (2) the cleats supporting the treads were rotted or broken and coming off, and (3) the handrail had no structural capability and would tear off with any pressure from the side. Mr. Corp stated that the stairs were "extremely dangerous to use." Report of Proceedings at 53. Ms. White testified that Mr. Stalick made an effort to repair the stairs after her first fall. In contrast, Mr. Stalick testified that he made no attempt to repair the stairs before the second accident.

The trial court concluded Mr. Stalick breached the statutory duty to maintain safe premises under RCW 59.18.060 and awarded Ms. White $58,307.15 for special and general damages, plus interest, attorney fees and costs. The trial court awarded Ms. White damages for breach of habitability under the RLTA. Mr. Stalick appealed. In *Lian* I, 106 Wn. App. at 818-19, this court determined that the RLTA could not support an award of personal injury damages, but that the *Restatement (Second) of Property* provided a remedy a tenant might pursue for injuries caused by a landlord's failure to repair a dangerous condition found to constitute a breach of habitability under the RLTA. This court then reversed and remanded. On remand, the trial court determined that Mr. Stalick was liable under the *Restatement (Second) of Property* § 17.6.

Mr. Stalick appeals, contending the trial court erred by ruling that (1) he was liable under section 17.6, and that (2)

he had breached the implied warranty of habitability under the RLTA.

## ANALYSIS

■■ The trial court's findings of fact are reviewed to determine whether they are supported by substantial evidence. *Miller v. City of Tacoma*, 138 Wn.2d 318, 323, 979 P.2d 429 (1999). Substantial evidence is evidence of sufficient quantity to persuade a reasonable fact finder of the truth of the declared premise. *Holland v. Boeing Co.*, 90 Wn.2d 384, 390-91, 583 P.2d 621 (1978). We review a trial court's conclusions of law de novo. *Carlstrom v. Hanline*, 98 Wn. App. 780, 784, 990 P.2d 986 (2000).

The trial court concluded that Mr. Stalick was subject to liability under *Restatement (Second) of Property* for the physical harm Ms. White suffered due to Mr. Stalick's failure to repair the dangerous condition of the stairs.

■ *Restatement (Second) of Property: Landlord and Tenant* § 17.6 (1977) states:

> A landlord is subject to liability for physical harm caused to the tenant and others upon the leased property with the consent of the tenant or his subtenant by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of:
>
> (1) an implied warranty of habitability; or
>
> (2) a duty created by statute or administrative regulation.

This rule applies even when the dangerous condition occurs in an area of the premises under the control of the tenant so long as the defect constitutes a violation of either the implied warranty of habitability or a duty imposed by statute or regulation.

Comment (a) in the *Restatement* explains that "[a]n overriding requirement of the rule of this section is that there be a dangerous condition on the leased property, the existence of which is in violation of either an implied warranty of habitability or a duty created by statute or

administrative regulation." RESTATEMENT, *supra*. The fact that the tenant has notice of the dangerous condition does not mean that section 17.6 is inapplicable. RESTATEMENT, *supra*, cmt. b. In contrast, a landlord is subject to liability under section 17.6 only for those conditions he is aware of or for those conditions he could have known about in the exercise of ordinary care. RESTATEMENT, *supra*, cmt. c.

Hence, to prevail on a section 17.6 claim, the tenant must show: (1) that the condition was dangerous, (2) that the landlord was aware of the condition or had a reasonable opportunity to discover the condition and failed to exercise ordinary care to repair the condition, and (3) that the existence of the condition was a violation of an implied warranty of habitability or a duty created by statute or regulation.

*Issue of dangerousness.* There appears to be no real dispute that the stairs here constituted a dangerous condition. The court found that the steps were "inherently dangerous," and that they were "rotten with protruding nails and a flimsy handrail." Clerk's Papers (CP) at 160-61. The court further concluded that the "decrepit, rotten, and pitiful nature of the steps" was the cause of Ms. White's fall. CP at 161.

Mr. Stalick does not challenge these findings. Moreover, sufficient evidence supports the court's determination that the stairs were dangerous. Mr. Corp, a consulting forensic engineer, testified that the stairway violated the existing building code in five ways and that the stairway would be extremely dangerous to use.

A finding that the condition was dangerous is foundational to a claim under section 17.6. But Mr. Stalick does not challenge the court's findings as to the dangerous condition of the stairs. Instead, Mr. Stalick contends the court erred by ruling that he was liable under section 17.6 under a theory of negligent repair and that he breached the implied warranty of habitability under the RLTA.

*Landlord's notice of condition and failure to repair.* Mr. Stalick suggests that he is not liable under section 17.6

unless he is liable under the theory of negligent repair. This argument reflects a misunderstanding of section 17.6.

*Restatement (Second) of Property* § 17.6 provides a remedy for injuries caused when a landlord fails to repair a dangerous condition. The language in section 17.6 stating that a landlord is liable for physical injuries resulting from a dangerous condition "if he has failed to exercise reasonable care to repair the condition" is a notice requirement, not a requirement that the tenant prove the elements of negligent repair. As comment (c) explains:

> *Landlord's knowledge of the condition.* The landlord is subject to liability under the rules of this section only for conditions of which he is aware, or of which he could have known in the exercise of reasonable care. Ordinarily, the landlord will be chargeable with notice of conditions which existed prior to the time that the tenant takes possession. Where the condition arises after the tenant takes possession, the landlord may not be able, in the exercise of reasonable care, to discover the condition, in which case the landlord will not be liable under the rules of this section until he has had a reasonable opportunity to remedy the condition after the tenant notifies him of it. Where the landlord is able to discover the condition by the exercise of reasonable care, he is subject to liability after he has had a reasonable opportunity to discover the condition and to remedy it.

RESTATEMENT, *supra*, cmt. c.

The notice requirement set forth in comment (c) has been followed by the courts in other jurisdictions. *See Payne v. Candelora*, 45 Conn. Supp. 191, 194, 706 A.2d 22, 23 (1997); *Spence v. Citizens & S. Nat'l Bank*, 195 Ga. App. 294, 295-96, 393 S.E.2d 1, 2 (1990). In *Richwind Joint Venture 4 v. Brunson*, 335 Md. 661, 671-72, 645 A.2d 1147, 1152 (1994), the court, finding a private cause of action under *Restatement (Second) of Property* § 17.6, required a showing that the landlord knew, or had reason to know, of the problem and had the opportunity to correct it.

Mr. Stalick does not challenge the court's finding that he was aware of the poor condition of the stairs. Instead, he

argues that the landlord is not liable unless the dangerous condition was the result of an affirmative act of negligence or faulty repair. This is not the showing required to fulfill the notice requirement for a cause of action under section 17.6. Tenants need not prove negligent repair to establish that the landlord was aware of the condition and had a reasonable opportunity to remedy the condition. Simply put, in some circumstances a landlord may be liable under section 17.6 if he is aware of the condition, has reasonable opportunity to remedy the condition, and then makes *no* attempt to remedy the condition.

*Violation of the RLTA warranty of habitability.* The trial court found that the stairway was "inherently dangerous and interfered with the safe habitation of the home." CP at 161. The court also determined that Mr. Stalick failed to use ordinary care when repairing the steps so that they "remained inherently dangerous and still interfered with the safe inhabitation of the home." CP at 161. The court concluded that "the existence of the obviously dangerous condition of the stairs was a violation of the implied warranty of habitability and the duty" created under the RLTA. CP at 162. Additionally, the court concluded that Mr. Stalick's "fail[ure] to exercise reasonable care to repair the condition was a violation of the implied warranty of habitability." CP at 162-63.

■ The RLTA provision relating to habitability partly states:

> The landlord will at all times during the tenancy keep the premises fit for human habitation, and shall in particular:
>
> (1) Maintain the premises to substantially comply with any applicable code, statute, ordinance, or regulation governing their maintenance or operation, which the legislative body enacting the applicable code, statute, ordinance or regulation could enforce as to the premises rented if such condition substantially endangers or impairs the health or safety of the tenant;
>
> (2) Maintain the roofs, floors, walls, chimneys, fireplaces, foundations, and all other structural components in reasonably

good repair so as to be usable and capable of resisting any and all normal forces and loads to which they may be subjected;

(3) Keep any shared or common areas reasonably clean, sanitary, and safe from defects increasing the hazards of fire or accident;

. . . .

(5) Except where the condition is attributable to normal wear and tear, make repairs and arrangements necessary to put and keep the premises in as good condition as it by law or rental agreement should have been, at the commencement of the tenancy.

RCW 59.18.060.

Relying on *Stuart v. Coldwell Banker Commercial Group, Inc.*, 109 Wn.2d 406, 415-16, 745 P.2d 1284 (1987), and *Klos v. Gockel*, 87 Wn.2d 567, 569, 554 P.2d 1349 (1976), Mr. Stalick contends the warranty of habitability was limited to those defects that render a house unfit to live in or those defects which profoundly compromise the essential nature of the structure as a dwelling. Additionally, Mr. Stalick argues that the warranty of habitability does not apply to defects in exterior nonstructural elements adjacent to the dwelling.

Unfortunately, Mr. Stalick made these same arguments in his first appeal, and they were rejected. In fact, after a lengthy discussion of these questions, this court concluded that: "[T]he trial court did not err in finding Mr. Stalick in breach of the implied warranty of habitability under RCW 59.18.060." *Lian* I, 106 Wn. App. at 818.

▐ Generally, the law of the case doctrine precludes this court from reconsidering the same legal issue already determined as part of a previous appeal. *Folsom v. County of Spokane*, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988). Questions determined as part of an earlier appeal are not reconsidered in a subsequent appeal unless the holding in the prior appeal was clearly erroneous or the application of the law of the case doctrine would result in a manifest injustice. *Id.* at 264. Here, the law of the case doctrine prevents Mr. Stalick from seeking further reconsideration

of our decision. The determination in *Lian* I finding a breach of the warranty of habitability is not clearly erroneous. Additionally, Mr. Stalick presents no new theory as to the purported error, and we cannot find one. Consequently, we see no need to reconsider this holding here.

We hold the trial court did not err by ruling that Mr. Stalick was liable under section 17.6. In view of our holding, we need not address whether Mr. Stalick was liable for negligent repair.

BROWN, C.J., and KATO, J., concur.