# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DONNA PHILLIPS, a single individual, ) | No. 75911-6-I |
| ) | |
| Appellant, ) | DIVISION ONE |
| ) | |
| v. ) | UNPUBLISHED OPINION |
| ) | |
| KATHLEEN GRECO and JOHN DOE ) | |
| GRECO, a married couple, and their ) | |
| marital community, ) | |
| ) | |
| Respondent. ) | FILED: May 7, 2018 |

2018 MAY 7 AM 9: 19 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

APPELWICK, C.J. — Phillips brought a negligence action against her boyfriend's landlord, Greco. Phillips sought to recover for foot injuries suffered when she fell on the step to the back deck of her boyfriend's rental home. Phillips argues that the trial court erred in granting summary judgment dismissal. She asserts that the deck was a common area, Greco was negligent, and Greco owed her a duty under the implied warranty of habitability. We affirm.

## FACTS

In the early morning of April 30, 2012, Donna Phillips had just left the home of her boyfriend, Ryan McGrath, when she realized that she had forgotten her cell phone. She returned to the house and went around to the back. She placed her left foot onto the one step leading up to the deck, the step broke, and her foot plunged through the broken board, causing injury.

The house was a single family residence with a mother in law unit. At the time of the incident, McGrath and his roommate were renting the main house from Kathleen Greco. Greco rented the mother-in-law unit to different tenants on a separate lease. The mother-in-law unit had its own side entry off the carport and its own backyard and patio area. The deck was attached to the main house, and was only for the use of the tenants of the main house. The only shared area between the main house and the mother-in-law unit was the carport. Phillips did not live at the house.

On January 2, 2015, Phillips filed a negligence suit against Greco. Her complaint alleged that Greco had breached her duty to maintain a safe and habitable premises, and, as a result of Greco's negligence, she was severely injured.

Greco filed a motion for summary judgment dismissal of Phillips's claims. The trial court granted this motion. It found that (1) the deck was a noncommon area, (2) the Restatement (Second) Property § 17.6 (1977) has not been extended to nontenants in Washington, and (3) the possessor, the tenant, was responsible under Washington law.

Phillips filed a motion for reconsideration. The court denied the motion. Phillips appeals.

DISCUSSION

I. <u>Summary Judgment</u>

Phillips first argues that the court erred in finding that Greco did not owe her a duty of care, asserting that the deck was a common area. And, she argues that

2

Greco was negligent after she had notice of the deck's condition. Alternatively, she argues that the court erred in finding that Greco did not owe her a duty under the implied warranty of habitability.

We review summary judgment orders de novo, considering the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. Keck v. Collins, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is appropriate only when no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

A cause of action for negligence requires the plaintiff to establish (1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury. Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). The threshold determination of whether the defendant owes a duty to the plaintiff is a question of law. Id. at 128.

A. Duty of Care

Phillips first argues that Greco owed a duty because the deck was a common area. In support of her argument, she states that "the deck was permanently affixed to the home" and it "cannot be avoided to reach the backyard, garage area, and back door that leads into the main home." Alternatively, she argues that Greco owed her a duty because she had notice that the deck was dangerous.

A landlord owes no greater duty to the invitees or guests of his tenant than he owes to the tenant himself. Frobig v. Gordon, 124 Wn.2d 732, 735, 881 P.2d

3

226 (1994). A landlord has an affirmative obligation to maintain the common areas of the premises in a reasonably safe condition for the tenants' use. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 49, 914 P.2d 728 (1996). But, under common law, a landlord has no duty to repair noncommon areas absent an express covenant to repair. Martini v. Post, 178 Wn. App. 153, 167, 313 P.3d 473 (2013). And, absent a repair covenant, a landlord is not liable to a tenant for injuries caused by apparent defects after exclusive control has passed to the tenant. Sample v. Chapman, 7 Wn. App. 129, 132, 497 P.2d 1334 (1972).

The Restatement (Second) of Torts § 343 (Am. Law Inst. 1965) expresses this rule:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

By its terms, this section applies only to one who is a " 'possessor of land.' " Pruitt v. Savage, 128 Wn. App. 327, 331, 115 P.3d 1000 (2005) (quoting RESTATEMENT (SECOND) OF TORTS § 343. By definition, a landlord is not the possessor of noncommon areas. Id. In Pruitt, a home's failing garage door injured a nontenant, a person who lived in a neighboring house, and this court held that the landlords of the property were not liable. 128 Wn. App. at 328, 331. We held

4

that Restatement (Second) of Torts, § 343 (1965) did not apply in that case because Pruitt's injury occurred in a noncommon area and the landlord was not the possessor of the noncommon area. Id.

Phillips relies on Lian v. Stalick, 106 Wn. App. 811, 25 P.3d 467 (2001) (Lian I) and Lian v. Stalick, 115 Wn. App. 590, 62 P.3d 933 (2003) (Lian II). In Lian I, this court stated, "The determinative issue is not so much the location of the defect but whether the dangerous defect was so obvious that the landlord should have anticipated the harm even though the tenant knew of the defective condition." 106 Wn. App. at 821. Lian, the tenant, fell on the "obviously decrepit" steps outside of her apartment and sued her landlord, who knew of the steps' poor condition. Id. at 814. In Lian II, 115 Wn. App. at 592, the landlord was liable under Restatement (Second) of Property § 17.6 (Am. Law Inst. 1977), which states that a landlord is subject to liability for physical harm to tenants and their guests caused by

> a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of:
>
> (1) an implied warranty of habitability; or
>
> (2) a duty created by statute or administrative regulation.

Washington has adopted section 17.6 in cases where the plaintiff, a tenant, alleges negligence against the landlord. See, e.g., Martini, 178 Wn. App. at 171Lian II, 115 Wn. App. at 593, 599. In Martini, the court noted that section 17.6 has not been adopted in the context of nontenants. 178 Wn. App. at 169-70.

5

Phillips does not cite to any Washington authority that has extended the implied warranty of habitability of section 17.6 to persons other than tenants.[1]

Lian I and Lian II differ from this case. They are landlord versus tenant cases decided under property law principles, not a licensee versus possessor case decided under tort law principles. See Lian II, 115 Wn. App. at 596-97. The duties are different. Lian was a tenant. Phillips is not a tenant.

Phillips, citing Tincani, also argues that Greco had notice the deck was dangerous and she therefore owed a duty to her as an invitee. In Tincani, the court noted that Restatement (Second) of Torts § 343A creates a duty to protect invitees from known or obvious dangers if the landowner should anticipate the harm despite their knowledge of the condition or obviousness of the danger. 124 Wn.2d at 139. Distraction, forgetfulness, or foreseeable, reasonable advantages from encountering the danger are factors that trigger a landowner's duty in these limited circumstances. Id. at 140. Tincani is distinguishable from here because there, the issue was whether the landowner in possession, the Zoo, was liable for the plaintiff's injuries. See id. at 133-34. Here, Greco was the owner, but not the possessor of the deck at the time of Phillips's injury.

Tenants McGrath and his roommate possessed the entire main house, including the deck. Landlords are responsible for common areas, but this deck is not a common area. See Schedler v. Wagner, 37 Wn.2d 612, 615-16, 225 P.2d

---

[1] Phillips alternatively argues that Greco owed her a duty under the implied warranty of habitability pursuant to Restatement (Second) of Property § 17.6. As this analysis shows, the trial court did not err in concluding that the implied warrant of habitability did not extend to Phillips, a nontenant.

213, 230 P.2d 600 (1950) ("When premises are leased, a stairway, porch, or walk necessary to be used with the premises, and which it is intended shall be for the exclusive use of the tenant, passes as an appurtenant to the leased premises."), overruled on other grounds by Geise v. Lee, 84 Wn.2d 866, 529 P.2d 1054 (1975).

Thus, Greco is not liable under Restatement (Second) of Torts § 343 for the noncommon area, because she was not the possessor of the home. The trial court correctly concluded that Greco did not owe Phillips a duty of care.

## B. Affirmative Negligence

Relying on Rossiter v. Moore, 59 Wn.2d 722, 370 P.2d 250 (1962), Phillips also argues that Greco was negligent, because she "had the opportunity to make the premises safe and habitable for human occupation . . . and . . . failed to do so." In Rossiter, the landlord removed a porch railing before leasing the home. Id. at 723. The tenant's guest fell from the porch and sued the landlord. Id. Reversing summary judgment, the court held there was a genuine issue of fact as to whether there was an oral agreement obligating the landlord to replace the railing. Id. at 724, 727-28.

Rossiter differs from this case because there, the issue was whether the landlord undertook a duty to the tenant to perform repairs not required of him under the lease, and did so negligently (an affirmative act). See id. at 725, 727. That court concluded that a landlord is liable for an affirmative act of negligence, as well as a breach of an express covenant to repair. See id.

Here, there is no evidence that the deck was in a dangerous condition at the time the property was leased. And, both the tenant McGrath and Greco made

7

repairs to the deck before Phillips's accident. The first time a deck board broke, McGrath voluntarily repaired it. In February 2010, Greco had someone replace a second broken board, along with other soft boards. Greco's act of replacing the boards did not create a dangerous condition as the landlord's act did in Rossiter. Even when viewed in the light most favorable to Phillips, she has not alleged nor proved an express covenant to repair.

There is no evidence that Greco owed or breached any duty to Phillips.

## II.   Motion for Reconsideration

We review an order denying a motion for reconsideration for abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Phillips appealed the trial court's order denying her motion for reconsideration. But, in her brief, she did not assign error to the denial, nor did she argue the issue.

This court will only review a claimed error that is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto. RAP 10.3(g); see also Emmerson v. Weilep, 126 Wn. App. 930, 939-40, 110 P.3d 214 (2005) ("[A] party's failure to assign error to or provide argument and citation to authority in support of an assignment of error . . . precludes appellate consideration of an alleged error.").

8

We decline to review the trial court's denial of Phillips's motion for reconsideration.

We affirm.

WE CONCUR: